LAURENCE *v.* VERMANDER.

SPECIFIC PERFORMANCE—OPTIONS—EXECUTION OF OPTION BY WIFE —EVIDENCE—SUFFICIENCY.

In a suit against a husband and wife for the specific performance of an optional contract to purchase land, where the defense was that the wife did not execute the contract, evidence that their son, who witnessed the signa-

Specific Performance, 36 Cyc. p. 784 New.

tures, and who admitted signing her name, signed it with her consent, *held*, to justify a decree in favor of plaintiff.

Appeal from Macomb; Reid (Neil E.), J. Submitted January 3, 1928; resubmitted March 27, 1928. (Docket No. 29.) Decided April 3, 1928.

Bill by Elmo D. Laurence against Joseph Vermander and another for specific performance of an optional land contract. From a decree for plaintiff, defendants appeal. Affirmed.

*Munro & Powell,* for plaintiff.

*James R. Walsh* (*Stephen V. Riffel,* of counsel), for defendants.

POTTER, J. Plaintiff filed his bill of complaint against defendants for specific performance of an option agreement, and alternatively for a money judgment for damages suffered by reason of defendants' failure to perform the contract. February 2, 1926, defendants owned the real estate in Macomb county involved herein, a farm of 120 acres. Plaintiff claims they then executed an option agreement to Casper Czizek, in consideration of $100 paid to defendants, to sell the land for $60,000. February 17, 1926, Czizek assigned the option agreement to plaintiff. March 9, 1926, the option and assignment were recorded in the office of the register of deeds of Macomb county. March 23, 1926, Czizek executed another assignment of the option to plaintiff. March 31, 1926, plaintiff tendered defendants $6,000 in currency in accordance with the terms of the option, and the assignment of the option contract, and demanded the execution and delivery by defendants of a contract of purchase of the land. The principal defense is that defendant Minnie Vermander did not execute the option

contract. A decree was entered for plaintiff, with costs, and defendants appeal.

Mr. Czizek was in the real estate business and had known Mr. Vermander for 35 years, but was not well acquainted with his wife. Czizek offered defendants $450 an acre for the land. Mrs. Vermander advised her husband to think it over. Later Czizek called at defendants' home and they asked $500 an acre for it. An agreement was made to sell the property on the basis of $500 an acre. Plaintiff claims the option was signed at defendants' home, in the presence of Czizek, his daughter, defendants, and their son; that Czizek asked Mrs. Vermander to sign the contract, and Mrs. Vermander then asked her son to sign for her. Czizek's daughter, a notary public, executed the notarial certificate of acknowledgment of due execution, and, together with Vermander's son, a man about 30 years of age, witnessed the signatures.

Edward Vermander, defendants' son, admits signing his father's name and making the cross in his signature. He denies his mother's signature was made by him at her request. He admits he signed the option agreement in her name, but says he signed it at Czizek's request. He denies that the notary asked if the execution of the option was the free act and deed of defendants, and denies Czizek asked Mrs. Vermander to sign. He claims his mother was not in the room at the time he signed her name to the option agreement, but that during the negotiations she was back and forth where the parties were talking, being engaged in baking and other household duties, and at the time he signed her name to the option contract his mother was looking for the abstract of the property.

Defendant Vermander desired to know when the option was signed whether Czizek thought he could sell the property. Czizek testifies defendants were

pleased and "tickled to death," that they were getting $60,000 for this 120 acres of land. Defendants accepted the $100. A couple of days afterwards an advertisement appeared in the Detroit Free Press showing the land was being offered for $250 an acre more than defendants were selling it for. Apparently defendants became dissatisfied. Defendant Ver-mander assaulted plaintiff and his attorney when they came to make a tender in accordance with the terms of the option, and ordered them off the place. Czizek and his daughter both testified to the regular execution and acknowledgment of the option contract. The notary's certificate and execution appear to be regular. It would have been a natural thing for Czizek to have asked Mrs. Vermander to sign the option contract. She was not a skilful writer, and Czizek and his daughter both claim that she then asked her son to sign. The son admits he signed his father's name and admits that he signed his mother's name. He witnessed both signatures. It is improbable the son would have signed his father's and mother's names to the option contract, under the circumstances, without their consent. The record does not warrant overturning the trial court's determination of the facts.

Decree affirmed, with costs.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, MCDONALD, and SHARPE, JJ., concurred.